# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHEED NIFAS, | : | |
|     Plaintiff | : | No. 1:19-cv-1646 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| CO.1. SERRANO, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

On September 4, 2019, pro se Plaintiff Rasheed Nifas ("Plaintiff"), who is currently incarcerated at the State Correctional Institution in Coal Township, Pennsylvania ("SCI Coal Township"), initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 in the Court of Common Pleas for Northumberland County, Pennsylvania. (Doc. No. 1-2.) Plaintiff named CO Serrano ("Serrano"), CO Behney ("Behney"), CO Biladeau ("Biladeau"), CO Morris ("Morris"), Deputy Luscavage ("Luscavage"), and Hearing Examiner Walters ("Walters") as Defendants. (Id. at 5.) Defendants removed the above-captioned case to this Court on September 23, 2019. (Doc. No. 1.) Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint. (Doc. No. 9.) Plaintiff filed his brief in opposition on December 10, 2019. (Doc. No. 11.) Defendants filed their reply brief on December 24, 2019. (Doc. No. 13.) On January 14, 2020, Plaintiff filed a motion for leave to file a sur-reply (Doc. No. 14) and proposed sur-reply (Doc. No. 14-1). The Court will grant his motion for leave to file a sur-reply and consider it below in its analysis of Defendants' motion to dismiss. The motion to dismiss, therefore, is ripe for disposition.

**I.     BACKGROUND**

Plaintiff alleges that on August 26, 2018, while he was in the medication line at SCI Coal Township, Defendant Biladeau mentioned that she had read on the institutional computer that

Plaintiff is a "serial rapist." (Doc. No. 1-2 at 7, 17.) That same day, Plaintiff submitted a grievance alleging that Defendant Biladeau had committed slander against him by making that statement in the presence of other inmates. (Id. at 17.) Plaintiff's grievance was denied on September 11, 2018. (Id. at 18.) His subsequent appeals of the grievance were also denied. (Id. at 19-22.)

Plaintiff further alleges that on August 28, 2018, Defendant Behney told Plaintiff that he and Defendant Biladeau had read on the institutional computer that Plaintiff has been found guilty of several assaults on female correctional staff members. (Id. at 7, 26.) Plaintiff submitted a grievance that same day, alleging that Defendant Behney had committed slander, libel, and defamation of character. (Id. at 26.) Plaintiff's grievance was denied at all levels of review. (Id. at 27-31.)

Plaintiff further maintains that on June 24, 2019, Defendant Luscavage stated that in the past, female staff have noted that Plaintiff "has engaged or attempted to engage with them in a negative or inappropriate manner." (Id. at 8, 35.) Plaintiff filed a grievance that same day, alleging that Defendant Luscavage had committed slander, libel, and defamation of character. (Id. at 35.) Plaintiff's grievance was denied at all levels of review. (Id. at 36-40.)

Plaintiff alleges that on June 28, 2019, he asked Defendant Serrano for a grievance form. (Id. at 8.) Defendant Serrano "claim[ed] that they did not have grievances." (Id.) Later that morning, while in the law library, Plaintiff was called back to the unit block. (Id.) There, he learned that Defendant Serrano had issued a misconduct report against him. (Id.) The misconduct report charged Plaintiff with using abusive, obscene, or inappropriate language. (Id. at 48.) Plaintiff maintains that Defendant Serrano falsified the misconduct report in retaliation for his request for a grievance form and for his "exercising of protective conduct against Behney

2

and Biladeau." (Id. at 8.) He also alleges that Defendant Walters "knowingly signed a falsified misconduct report." (Id. at 9.)

On July 3, 2019, Defendant Walters found Plaintiff guilty of using abusive, obscene, or inappropriate language. (Id. at 8, 50.) She imposed thirty (30) days of disciplinary confinement upon Plaintiff as a sanction. (Id. at 50.) Plaintiff alleges that Defendant Walters found him guilty without allowing him provide a statement regarding his version of the incident. (Id. at 8-9.) Plaintiff's subsequent appeals of Defendant Walters' decision were denied. (Id. at 51-56.)

Based upon the foregoing, Plaintiff alleges that Defendants Serrano, Behney, Biladeau, and Luscavage retaliated against him, in violation of the First Amendment, for engaging in protected conduct. (Id. at 9-10.) Plaintiff further alleges that Defendants Walters and Morris violated his procedural due process rights under the Fourteenth Amendment. (Id. at 10-11.) As relief, Plaintiff seeks a declaratory judgment as well as compensatory, punitive, and nominal damages. (Id. at 11-12.)

## II.     LEGAL STANDARD

### A.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**B.   Section 1983 Standard**

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

**III.   DISCUSSION**

Defendants seek dismissal of Plaintiff's complaint because: (1) his sanction of thirty (30) days of segregated confinement is not actionable under the Fourteenth Amendment's Due Process Clause; (2) Plaintiff has failed to allege plausible claims of retaliation against Defendants Serrano, Behney, Biladeau, and Luscavage; and (3) Defendant Luscavage should be dismissed because the alleged comment attributed to him was not defamatory. (Doc. No. 10 at 3-4.) The Court considers Defendants' arguments below.

### A. First Amendment Retaliation Claims Against Defendants Serrano, Behney, Biladeau, and Luscavage

To state a retaliation claim under the First Amendment, a plaintiff bears the burden of satisfying three (3) elements. First, a plaintiff must prove that he was engaged in a constitutionally protected activity. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Second, a plaintiff must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." See id. (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." See id. (quoting Suppon v. Dadonna, 2013 F.3d 228, 235 (3d Cir. 2000)). Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." See id. at 333-34 (quoting Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).

The mere fact that an adverse action occurs after either a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events. See Lape v. Pennsylvania, 157 F. App'x 491, 498 (3d Cir. 2005). Only when the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, on its own, support an inference of causation. See Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503

6

(3d Cir. 1997). If a prisoner establishes a prima facie case of retaliation, the burden shifts to prison officials to show, by a preponderance of the evidence, that "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." See Rauser, 241 F.3d at 334. "This is often referred to as the 'same decision defense.'" Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016). If the prison officials can make this showing, it defeats the retaliation claim. See Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002).

With respect to Defendants Behney, Biladeau, and Luscavage, Plaintiff maintains that they retaliated against him for engaging in protected conduct by slandering him and defaming his character as set forth above. (Doc. No. 1-2 at 7-8.) He alleges that Defendant Luscavage slandered him "in retaliation because of the several grievances against Luscavage." (Id. at 8.) While the Court recognizes that inmates engage in protected activity when they file grievances, see Mearin v. Vidonish, 450 F. App'x 100, 102 (3d Cir. 2011), Plaintiff's complaint fails to set forth facts regarding any grievances he filed against Defendants Behney, Biladeau, and Luscavage prior to the time when they made the allegedly defamatory statements about him. Plaintiff's complaint, as pled, does nothing more than set forth a threadbare recital of the first requirement necessary to establish a retaliation claim. Accordingly, the Court will grant Defendants' motion to dismiss with respect to Plaintiff's retaliation claims against Defendants Behney, Biladeau, and Luscavage.[1]

---

[1] Defendants also argue that Plaintiff cannot maintain a claim for defamation or slander against Defendant Luscavage. (Doc. No. 10 at 8-9.) In response, Plaintiff states that he "does not raise any claim of slander or defamation against any Defendant in this Complaint." (Doc. No. 11 at 1.) In their reply brief, Defendants maintain that Defendant Luscavage should be dismissed because Plaintiff's sole allegation regarding Defendant Luscavage is that Plaintiff submitted a grievance against him for slander. (Doc. No. 13 at 1.) Defendants have misconstrued Plaintiff's complaint because he clearly states that he is raising First Amendment retaliation claims against

7

With respect to Defendant Serrano, Plaintiff alleges that she retaliated against him by filing a false misconduct report because he asked for a grievance form. (Doc. No. 1-2 at 8.) Plaintiff, however, cannot maintain a retaliation claim against Defendant Serrano "based merely on his request for a grievance form." See Wicker v. Shannon, No. 3:09-cv-1629, 2010 WL 3812351, at *6 (M.D. Pa. Sept. 21, 2010) (concluding that inmate-plaintiff's claim that corrections officer had retaliated against him for asking for a grievance form by falsely charging him with misconduct was subject to dismissal). Accordingly, the Court will also grant Defendants' motion to dismiss with respect to Plaintiff's retaliation claim against Defendant Serrano.

**B. Fourteenth Amendment Due Process Claims Against Defendants Walters and Morris**

Plaintiff maintains that Defendant Walters violated his Fourteenth Amendment rights to procedural due process by (1) depriving him of the opportunity to read his version of events and to present documentary evidence and (2) depriving him of an impartial hearing by relying entirely upon the statements of a corrections officer to find Plaintiff guilty. (Doc. No. 1-2 at 10-11.) Plaintiff also alleges that Defendant Morris violated his procedural due process rights by signing a falsified misconduct report without any investigation. (Id. at 11.)

Defendants' argument in support of dismissal of Plaintiff's Fourteenth Amendment claims is that Plaintiff's sanction—thirty (30) days in segregation—does not implicate a liberty interest sufficient to trigger due process protections. (Doc. No. 10 at 6.) They cite Sandin v. Conner, 515 U.S. 472 (1995), in support of their argument. (Id.) In Sandin, the Supreme Court

---

Defendant Luscavage. (Doc. No. 1-2 at 9-10.) Accordingly, upon consideration of Plaintiff's oppositional brief, the Court does not construe Plaintiff's complaint as asserting a defamation claim against Defendant Luscavage and, therefore, will not consider Defendant Luscavage's arguments in support of dismissal of such a claim.

8

shifted the focus of the liberty interest analysis from one "based on the language of a particular regulation" to "the nature of the deprivation" experienced by the prisoner. See id. at 481. The Court reasoned, inter alia, that "[d]iscipline by prison officials in response to a wide range of misconduct" is expected as part of an inmate's sentence. See id. at 485. Accordingly, the Court, focusing on the nature of the punishment instead of on the words of any regulation, held that the procedural protections in Wolff v. McDonnell, 418 U.S. 539 (1974),[2] were inapplicable because the "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." See Sandin, 515 U.S. at 486. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See id. at 484.

"When considering whether an inmate's placement in segregated housing triggers a legally cognizable interest courts should consider: (1) the amount of time spend in segregation; and (2) whether the conditions of segregation were significantly more restrictive than those imposed on other inmates in segregation." Allah v. Bartkowski, 574 F. App'x 135, 139 (3d Cir. 2014). In Sandin, the Supreme Court concluded that placement in disciplinary segregation for thirty (30) days did not deprive the inmate of a protected liberty interest. See Sandin, 515 U.S. at 486; see also Williams v. Bitner, 307 F. App'x 609, 611 (3d Cir. 2009) (no liberty interest triggered by 90-day placement in disciplinary segregation); Smith v. Mensinger, 293 F.3d 641,

---

[2] In Wolff, the Supreme Court recognized that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." See id. at 556. However, the Court set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative; and (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. See id.

9

654 (3d Cir. 2002) (no liberty interest triggered by seven (7)-month placement in disciplinary confinement). Moreover, "a thorough investigation is not a requirement of due process in the prison disciplinary setting." See Parks v. O'Shaughnessy, No. 1:14-cv-1268, 2016 WL 4385869, at *4 (M.D. Pa. May 3, 2016); see also Moles v. Holt, 221 F. App'x 92, 96 (3d Cir. 2007) (concluding that "a failure to conduct a prompt and thorough investigation prior to a disciplinary hearing does not rise to the level of a due process violation"). Thus, absent a protected liberty interest, Plaintiff cannot maintain his claims regarding alleged procedural defects prior to and during his misconduct proceedings.

Plaintiff, however, appears to suggest that he was denied due process for retaliatory reasons. The Third Circuit has held that "[r]etaliation may be actionable, however, even when the retaliatory action does not involve a liberty interest." See Allah v. Seiverling, 229 F.3d 220, 224 (3d Cir. 2000). Such a procedural due process claim, however, requires threshold proof that the inmate was engaged in constitutionally protected conduct. See Smith, 293 F.3d at 653 (citing Sandin, 515 U.S. at 486); see also Allah, 229 F.3d at 224. However, even if the discipline is initiated in retaliation for a protected act, due process is satisfied where the plaintiff has an opportunity to confront and challenge the retaliatory misconduct reports. See Smith, 293 F.3d at 653-54; see also Thomas v. McCoy, 467 F. App'x 94, 97 (3d Cir. 2012) (per curiam) ("Due process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct reports."). Moreover, a retaliatory discipline claim fails when there is "some evidence" to support the determination. See Nifas v. Beard, 374 F. App'x 241, 244 (3d Cir. 2010) (citing Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994)).

As an initial matter, as discussed supra, Plaintiff has not alleged that the misconduct report was issued in retaliation for engaging in constitutionally protected conduct. Plaintiff

10

maintains that Defendant Serrano issued the report in retaliation for Plaintiff asking her for a grievance form. Merely asking for a grievance form, however, does not rise to the level of constitutionally protected conduct. See Wicker, 2010 WL 3812351, at *6. In any event, even if Plaintiff were engaged in protected activity and the misconduct report was issued in retaliation for such activity, the exhibits attached to Plaintiff's complaint indicate that he appealed the misconduct report and, therefore, received an opportunity to challenge it. See Smith, 293 F.3d at 653-54; see also Thomas, 467 F. App'x at 97. Therefore, the Court will grant Defendants' motion to dismiss with respect to Plaintiff's Fourteenth Amendment due process claims against Defendants Walters and Morris.

## III. LEAVE TO AMEND

Courts are cautioned that because of the applicable pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendment in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002). Here, with respect to Plaintiff's retaliation claims against Defendants Behney, Biladeau, and Luscavage, it is neither clear that amendment would be futile nor is there any basis

to believe it would be inequitable. Accordingly, Plaintiff will be granted leave to file an amended complaint with respect to these claims. However, for the reasons set forth above, it would be futile to grant Plaintiff leave to amend his claims against Defendants Serrano, Walters, and Morris. Accordingly, those claims will be dismissed with prejudice.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to file a sur-reply. (Doc. No. 14.) The Court will also grant Defendants' motion to dismiss. (Doc. No. 9.) Plaintiff's First Amendment retaliation claim against Defendant Serrano and his Fourteenth Amendment due process claims against Defendants Walters and Morris will be dismissed with prejudice. Plaintiff's First Amendment retaliation claims against Defendants Behney, Biladeau, and Luscavage will be dismissed without prejudice to Plaintiff's right to file an amended complaint regarding these claims. An appropriate Order follows.